# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

KERRY JENNIFER SCROGGINS,

Plaintiff,

v. Civil Action No. 3:22-cv-545-MHL

LEXISNEXIS RISK SOLUTIONS FL INC.

Defendant.

**DECLARATION OF LEONARD A. BENNETT**

I, Leonard A. Bennett, hereby declare the following:

1. My name is Leonard A. Bennett. I am over 21 years of age, of sound mind, capable of executing this Declaration, and have personal knowledge of the facts stated herein, and they are all true and correct.

2. I am the founding partner and principal of the law firm of Consumer Litigation Associates, P.C., an eight-attorney law firm with offices in Hampton Roads, Richmond, Alexandria and Harrisonburg, Virginia. My primary office is at 763 J. Clyde Morris Boulevard, Suite 1-A, Newport News, Virginia 23601.

3. I am one of the attorneys working on behalf of the Plaintiff and the putative class in the above-styled litigation, *Scroggins v. LexisNexis Risk Solutions FL Inc.*, No. 3:22-cv-545-MHL (E.D. Va.).

4. I submit this Declaration in support of the Motion for Leave to File Second Amended Complaint.

5. On August 11, 2022, we filed a Complaint on behalf of Ms. Scroggins asserting individual claims under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681a–x ("FCRA"), after

Defendant repeatedly and incorrectly reported her as deceased to her credit union. (ECF 1.)

6. In the initial Complaint, we named LexisNexis Risk Solutions Inc. ("LNRS") as Defendant.

7. LNRS was served with the Summons and Complaint on August 17, 2022. (ECF 8.)

8. LNRS sought a thirty (30) day extension to respond to the Complaint, to which we consented and which the Court granted on September 2, 2022. (ECF 5, 7.)

9. LNRS filed its Answer on October 7, 2022. (ECF 9)

10. Plaintiff filed an Amended Complaint on October 28, 2022, asserting class claims under 15 U.S.C. §§ 1681e(b) and 1681g(a), for failure to maintain reasonable procedures to assure maximum possible accuracy in consumer reports and nondisclosure of its deceased reporting in consumer disclosures, respectively. (ECF 11.) The Amended Complaint also included an individual claim for LNRSI's failure to investigate Ms. Scroggins' disputes regarding the deceased reporting in violation of 15 U.S.C. § 1681i. (*Id.*)

11. Without our prior knowledge, LNRS sent a letter directly to our client dated October 31, 2022, stating, in pertinent part:

> We are sending this letter in response to the complaint you made regarding information in your LexisNexis Risk Solutions Inc. ("LexisNexis") Accurint report. This report is a compilation of public record data and non-public information.
>
> Upon review of the investigation, you are no longer reporting as deceased in our Accurint Database.
>
> Kindly be advised that LexisNexis is not a consumer reporting agency, and, as such, the LexisNexis Accurint product is not governed by the Fair Credit Reporting Act (15 U.S.C. § 1681 et seq.). Accurint reports are not permitted to be used to grant or deny credit, make employment decisions, make tenant and housing screening decisions, or any other uses regulated by the Fair Credit Reporting Act. LexisNexis purchases, collects, and resells data, which include public records and commercially available data, in compliance with applicable federal and state privacy laws.

> Although LexisNexis is not a consumer reporting agency, please be reassured that your personal information contained in Accurint databases is regulated by the federal government and is subject to the Gramm-Leach-Bliley Act (15 U.S.C. § 6801 et seq.) and the Federal Drivers Privacy Protection Act (18 U.S.C. § 2721 et seq.). These laws regulate who may access private, non-public data, and the purposes for which it may be accessed. Accurint complies with these and other applicable federal and state laws. These laws, however, do not require LexisNexis to provide reports of the information contained within our databases, nor do the laws require LexisNexis to correct or change potentially inaccurate information.

(Oct. 31, 2022 LNRS Letter, **Exhibit 1** to Plaintiff's Memorandum in Support of Motion for Leave to File Second Amended Complaint.)[1]

12. Within days of filing the Amended Complaint and seeking to serve discovery, we, on behalf of Ms. Scroggins, sought to schedule a Rule 26(f) conference but LNRS demurred, claiming it was premature. Nov. 2. 2022 Hoffmeister E-mail to Bennett, attached hereto as **Exhibit A** ("... the deadline to conduct the Rule 26(f) conference is November 25. We are continuing to review and analyze the allegations in the putative class complaint, but suspect we will need some additional time to respond. So holding a Rule 26(f) conference next week is likely premature."))

13. In response to an email from chambers following the filing of the Amended Complaint, my office and opposing counsel agreed to the rescheduling of the Initial Pretrial Conference set for December 7, 2022 until February 22, 2023.

---

[1] LNRSI's unequivocal language in this letter regarding its exclusion from FCRA coverage contradicts its admission in its Answer to the Amended Complaint that "under certain circumstances it acts as a 'consumer reporting agency' and provides 'consumer reports,' as those terms are defined under the FCRA." (ECF 14.) Additionally, the LexisNexis Risk Solutions website contradicts the statement in its letter that "Accurint reports are not permitted to be used [for] any…uses regulated by the Fair Credit Reporting Act." *Accurint for Collections: Decisioning Workflow*, available at https://risk.lexisnexis.com/products/accurint-for-collections-decisioning-workflow (last accessed on June 21, 2023) ("LexisNexis® Accurint® for Collections: Decisioning Workflow delivers seamless access to FCRA-regulated data sets and key searches to help you determine ability to repay and prioritize accounts to increase collections success."). In fairness, the website claims that the "[t]he Decisioning workflow that can be accessed through the Accurint for Collections portal is a consumer reporting agency product" provided by an entity other than LNRS, i.e., "LexisNexis Risk Solutions Bureau LLC." *Id.*

14. LNRS subsequently contacted me to seek a thirty (30) day extension to respond to the Amended Complaint, to which I agreed and which the Court granted on November 10, 2022. (ECF 12-13.)

15. Despite all the delays requested to "analyze" the allegations in the Amended Complaint, Defendant simply made a general denial. (ECF 14.) LNRS filed its Answer to the Amended Complaint on December 14, 2022. (*Id*.)

16. Plaintiff again attempted to schedule the Rule 26(f) conference, and it was held on February 8, 2023.

17. On February 7, 2023, LNRS provided a declaration from Alaina Varner, an employee of Call Federal, stating, in part, that Plaintiff had not applied for a loan with Call Federal since April 2020.

18. Ultimately, in response to a subpoena from Plaintiff, Call Federal produced contact notes from a call with Plaintiff on April 29, 2021, in which she inquired about her eligibility for a car loan to purchase a used car for her daughter.

19. Plaintiff's counsel reiterated during the Rule 26(f) that LexisNexis® InstantID® Q&A product constituted a FCRA-governed consumer report even if Call Federal never formally accepted a loan application from the consumer, as the basis for the refusal to allow the application was Defendant's reporting that Ms. Scroggins was deceased.

20. Plaintiff promptly issued document and deposition subpoenas to Ms. Varner and Call Federal on February 10, 2023.

21. Between February 21, 2023 and May 15, 2023, my office worked collaboratively with Call Federal to obtain various documents pertaining to Plaintiff and Call Federal's use of LexisNexis® InstantID® Q&A.

22. After the commencement of this case and through the time period surrounding the filing of the Amended Complaint, lead counsel for each party spoke by phone on multiple occasions. In multiple preceding cases, the two sides had debated, argued, litigated and then tabled the same arguments again posed here.[2] LNRS argued that it was not required to comply with the FCRA's accuracy requirements in the reports in which it reported the Plaintiff deceased because the LexisNexis legal entity[3] that sold the reports to Plaintiff's credit union, Call Federal Credit Union, was not governed by the FCRA.

23. Defendant's lead counsel, Ron Raether, and its local counsel, and I discussed Defendant's contention that the report Defendant had sold was not for credit approval of a mortgage loan. I repeatedly responded that whether a specific report was for a mortgage loan, an improvement loan, or any loan at all was immaterial if the product a defendant furnished was itself FCRA-governed. I used the example of Equifax selling a traditional credit report for a reason that would not be FCRA-permitted, noting the obvious: because of the definition of "consumer report" (including the condition that the information have been collected in whole or in part for an FCRA-purpose), such a report would still be a FCRA-governed report.

24. LNRS maintained that Call Federal "agreed the services provided by LN are non-FCRA services and are not 'consumer reports' within the meaning of the FCRA, and agreed not to use such reports in any manner that would cause them to characterized as 'consumer reports.'" This statement, like much of the defense of this case, turned out to be false. The Master Terms of the agreement with Call Federal specifically contemplate that LexisNexis's customers will use

[2] *See, e.g.*, *Berry v. LexisNexis Risk & Info. Analytics Grp., Inc*., No. 3:11-CV-754, 2014 WL 4403524 (E.D. Va. Sept. 5, 2014), aff'd sub nom. *Berry v. Schulman*, 807 F.3d 600 (4th Cir. 2015).

[3] Defendant, LexisNexis Risk Solutions FL Inc. ("LexisNexis").

such information for FCRA permissible purposes, as detailed in Plaintiff's proposed Second Amended Complaint.[4] *LexisNexis Master Terms and Conditions*, available at https://risk.lexisnexis.com/masterterms (last accessed on June 22, 2023). From November 2022 to the present, Plaintiff's counsel repeatedly advised Defendant's counsel that LexisNexis® InstantID® Q&A product fell within the ambit of the FCRA, irrespective of the specific use or intended use of deceased reporting about Plaintiff by Call Federal. Accompanying this Declaration as **Exhibit B** are multiple email exchanges reflecting Plaintiff's position on this issue. Despite these emails and my discussions with Mr. Raether and his colleagues, Defendant persists in claiming that Plaintiff's proposed Second Amended Complaint "fundamentally alter[s] the entire nature of the litigation and prejudice[s]" Defendant. (ECF 50 at 2.)

25. In the declaration Defendant sent from Ms. Varner, of Call Federal, a different named entity was blamed for the false reporting—LexisNexis instead of LNRS. And Defendant's counsel repeatedly represented that the two LexisNexis entities acted and operated independent of one another—they were merely similarly named.[5] Plaintiff filed a motion, with consent of LNRS, to substitute Defendant in place of LNRS, which the Court granted. (ECF 20-21.)

26. The Court conducted an Initial Pretrial Conference on February 22, 2023. (ECF 22). The Court also entered an Order substituting Defendant in place of LNRS. (ECF 21).

[4] As but one example, the Master Terms allow customers to use "the Non-FCRA LN Services…to identify, locate, or contact a consumer in connection with the collection of a consumer's debt or for prioritizing collection activities." (*Id.*) This use falls squarely within the coverage of 15 U.S.C. § 1681b(a)(3)(A), which authorizes disclosure of consumer reports for use "in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving…collection of an account of [] the consumer." *Id.*

[5] This is another example of Defendant's misrepresentations to its lawyers, who innocently passed on such misstatements. Discovery confirmed that the two entities (LexisNexis and LNRS) acted in an integrated manner, receiving and processing consumer disputes and contacts as one entity. (An issue for a different day and motion).

27. Plaintiff, on February 22, 2023, served Interrogatories, Requests for Production of Documents, and Requests for Admission (the "Written Discovery") on Defendant.

28. Plaintiff's counsel consented to requests from Defendant to enlarge the deadline for Defendant's objections and responses.

29. Defendant served objections to the Written Discovery on April 7, 2023.

30. Counsel for the Parties met and conferred (by telephone) regarding Defendant's objections to the Written Discovery on April 14, 2023. Defendant offered no concessions regarding the scope or content of its objections.

31. Defendant produced documents on April 14, 2023, served objections and responses to Plaintiff's Requests for Production and Requests for Admission on April 19, 2023, and served objections and answers to Plaintiff's Interrogatories on April 24, 2023.

32. Counsel for Plaintiff raised deficiencies in Defendant's document production on April 17, 2023, and the Parties met and conferred on April 21, 2023. Defendant offered no concessions regarding the deficiencies in the document production raised by Plaintiff.

33. Plaintiff's counsel discovered that Defendant purchased the "deceased" reporting from the FCRA-governed databases at Experian and TransUnion, which these companies have themselves collected from creditors reporting tradelines.[6]

34. Additionally, Defendant's document production, contrary to pre-suit communications with Plaintiff, showed that Defendant received completely legible copies of Plaintiff's Driver's License and Dominion bill on or about October 29, 2021.

---

[6] Specifically, these credit bureaus sell data collected from the "Equal Credit Opportunity Act" ("ECOA") field used by creditors to report whether a consumer is single vs. a co-obligor vs. an authorized user, as well as whether the creditor has received information that the consumer may be deceased.

35. While repeatedly contending in email communications and telephone calls that it only provides "non-FCRA" products to Call Federal and drafting and obtaining a declaration from Ms. Varner to support that contention, Defendant neglected to disclose to Plaintiff's counsel that the data it used to notate Ms. Scroggins as deceased to Call Federal originated from creditors reporting tradelines to Experian and Trans Union.[7]

36. Defendant's responses to the Written Discovery also revealed that LNRS is integrated with Defendant for all consumer disputes, file disclosures and other consumer contact functions, as well as for collection and maintenance of consumer reporting data.

37. In responding to the Written Discovery, Defendant designated any mention of the source of its deceased reporting as confidential and subject to the protections of the Stipulated Protective Order.

38. Defendant's interrogatory answers stated that it received records from "TransUnion and Experian for a 'Kerry E. Scroggins'…that included a deceased flag."[8]

39. Because of Defendant's unwillingness to supplement its discovery responses and production, Plaintiff issued subpoenas to Experian and TransUnion seeking materials likely in the possession of Defendant but not produced.

40. Plaintiff's counsel remains in negotiations with Experian and TransUnion regarding the scope of their production in response to these subpoenas.

41. After a first full meet and confer process, Defendant suggested it would provide

[7] While that was certainly Defendant's prerogative, it evinces Defendant's concerted effort to craft a focused narrative while eliding contradictory information. In fact, Defendant pressed its preferred characterization of the InstantID® Q&A product at the Initial Pretrial Conference. (Feb. 22, 2023 Hr'g Tr. 9:2-8 (ECF 24)).

[8] As discussed below, this statement appears to be only partially true.

basic information to allow for an attempt at settlement before the Magistrate Judge, with later production deferred.

42. The Parties attended a Settlement Conference with Magistrate Judge Colombell on May 1, 2023. Judge Colombell has been effective in resolving nearly all comparable matters. Following the conclusion of the Settlement Conference, counsel for the Parties conferred in chambers regarding the discovery disputes subject to the Notice of Objection Regarding Inadequate Discovery Responses and Document Production filed by Plaintiff on May 30, 2023. (ECF 30.) Plaintiff's counsel proposed that the Parties request that the Court refer the discovery disputes to Magistrate Judge Colombell to be adjudicated during a conference in which the Parties would succinctly present their positions on the issues, and Magistrate Judge Colombell would issue binding rulings in response to each issue. (*Id.*)

43. To date, Defendant has not consented to proposing this process to the Court. (*Id.*)

44. During the Settlement Conference, Plaintiff agreed to file a Second Amended Complaint based on information obtained in response to the Written Discovery. Defendant asked Plaintiff to provide it with the draft, which Plaintiff provided on May 9, 2023.

45. Defendant then advised on May 12, 2023 that it intended to oppose Plaintiff's forthcoming Amendment Motion. Defendant provided no explanation for its opposition. Defendant also insisted that Plaintiff file the pleading under seal or remove any reference to Experian and Trans Union as the source of its deceased reporting.

46. Plaintiff's counsel promptly objected to the confidentiality designation for that fact—this is a dispositive and damning fact and Plaintiff refused the omission, as well as the obligation to prosecute an improper sealing motion.

47. After many telephone and email exchanges to press and negotiate this issue,

Defendant finally relented on June 14, 2023 (and after requesting multiple extensions to file a motion to retain those confidentiality designations as required by the Stipulated Protective Order).

48. Plaintiff also requested the basis for Defendant's opposition to the Amendment Motion.

49. When agreeing to withdraw Defendant's insistence on a redacted filing, Defendant's counsel stated "TransUnion asked us to convey that based on its fact investigation to date, TransUnion has found no evidence that it provided a deceased indicator relating to Plaintiff Scroggins and therefore disagrees with the substance of any allegations in the proposed second amended complaint suggesting otherwise." This statement from TransUnion contradicts Defendant's verified interrogatory answer that it received records from "TransUnion and Experian for a 'Kerry E. Scroggins'…that included a deceased flag."

50. On May 18, 2023, Defendant stated that it intended to oppose the Amendment Motion because the "second amended complaint presents an entirely new set of facts unrelated to the basis for bringing the complaint originally and completely different theories as to why you think the product used by Call Federal meets the FCRA's definition of consumer report."

51. Plaintiff responded that Plaintiff consistently based her claims on the fact that Defendant is a CRA and fails to comply with the FCRA as a CRA must. Plaintiff reiterated the long history of communications and discussions that Defendant's CRA status was not solely dependent on the specific use or intended use of deceased reporting by Call Federal.

52. Plaintiff provided Discovery Dispute Charts as to the Written Discovery to Defendant on May 26, 2023. These Discovery Dispute Charts expressly advised Defendant that Plaintiff asserted that Defendant waived its privilege objections by failing to provide a privilege log. As an accommodation to Defendant's counsel, Plaintiff refrained from filing her Notice of

Objection Regarding Inadequate Discovery Responses and Document Production until May 30, 2023. Defendant asked for agreement to a request to extend the deadline for filing of the Discovery Dispute Charts until June 23, 2023, and Plaintiff agreed. On June 7, 2023, Plaintiff asked Defendant to return the Discovery Dispute Charts with Defendant's positions, so the Parties could discuss them. Without the benefit of Defendant's positions, to keep the process moving, Plaintiff discussed the charts with Defendant on June 13, 2023. During this discussion, Defendant lacked the ability to substantively address most of the discovery dispute.

53. At 3:59 p.m. on June 23, 2023 (the due date), Defendant finally provided its section of the Discovery Dispute Charts. Until receiving Defendant's section of the charts, Plaintiff knew very little regarding Defendant's positions on the discovery dispute. Defendant stated that it would also provide declarations related to its positions in the Discovery Dispute Chart at some point in the future. Defendant's positions in the Discovery Dispute Charts propose to supplement a number of its responses and produce additional documents but lack any timeline for doing so.

I declare, under penalty of perjury of the laws of the United States and the Commonwealth of Virginia, that the foregoing is correct.

DATED: July 12, 2023, Newport News, Virginia



LEONARD A. BENNETT

# EXHIBIT A

---

**From:** Hoffmeister, Julie Diane <Julie.Hoffmeister@troutman.com>
**Sent:** Wednesday, November 2, 2022 5:57 PM
**To:** Drew Sarrett <drew@clalegal.com>
**Cc:** Raether, Ronald I. <Ron.Raether@troutman.com>; Leonard Bennett <lenbennett@clalegal.com>; Craig Marchiando <craig@clalegal.com>; cal <cal@clalegal.com>
**Subject:** RE: Scroggins v. LNRS, 22-cv-545 (EDVA)

Drew,

Our current responsive pleading deadline is not until November 11, and the deadline to conduct the Rule 26(f) conference is November 25. We are continuing to review and analyze the allegations in the putative class complaint, but suspect we will need some additional time to respond. So holding a Rule 26(f) conference next week is likely premature.

Can we touch base early next week about a possible extension on the current deadlines?

Thanks,
Julie

**Julie Diane Hoffmeister**
**Associate**
**troutman pepper**
Direct: 804.697.1448 | Internal: 15-1448
julie.hoffmeister@troutman.com

---

**From:** Drew Sarrett <drew@clalegal.com>
**Sent:** Wednesday, November 2, 2022 2:25 PM
**To:** Hoffmeister, Julie Diane <Julie.Hoffmeister@troutman.com>
**Cc:** Raether, Ronald I. <Ron.Raether@troutman.com>; Leonard Bennett <lenbennett@clalegal.com>; Craig Marchiando <craig@clalegal.com>; cal <cal@clalegal.com>
**Subject:** RE: Scroggins v. LNRS, 22-cv-545 (EDVA)

**EXTERNAL SENDER**

Hi Julie,

What is your availability next week for a Rule 26f conference?

Thanks,

Drew D. Sarrett
Consumer Litigation Associates, PC

Direct: 804-528-5758

---

**From:** Hoffmeister, Julie Diane <Julie.Hoffmeister@troutman.com>
**Sent:** Thursday, September 29, 2022 10:25 AM
**To:** Leonard Bennett <lenbennett@clalegal.com>; Drew Sarrett <drew@clalegal.com>; Craig Marchiando <craig@clalegal.com>
**Cc:** Raether, Ronald I. <Ron.Raether@troutman.com>
**Subject:** RE: Scroggins v. LNRS, 22-cv-545 (EDVA)

Hi all,

We're researching the allegations in the Scroggins matter. The Complaint alleges Plaintiff "applied for a loan through a credit union to finance home improvements" in May 2021. Would you be able to tell us the name of the credit union?

Thanks in advance,
Julie

**Julie Diane Hoffmeister**
**Associate**
**troutman pepper**
Direct: 804.697.1448 | Internal: 15-1448
julie.hoffmeister@troutman.com

---

**From:** Leonard Bennett <lenbennett@clalegal.com>
**Sent:** Wednesday, August 31, 2022 9:36 AM
**To:** Hoffmeister, Julie Diane <Julie.Hoffmeister@troutman.com>; Drew Sarrett <drew@clalegal.com>; Craig Marchiando <craig@clalegal.com>
**Cc:** Raether, Ronald I. <Ron.Raether@troutman.com>
**Subject:** Re: Scroggins v. LNRS, 22-cv-545 (EDVA)

**EXTERNAL SENDER**

Of course.

---

**From:** Hoffmeister, Julie Diane <Julie.Hoffmeister@troutman.com>
**Sent:** Wednesday, August 31, 2022 9:11:05 AM
**To:** Drew Sarrett; Craig Marchiando; Leonard Bennett

**Cc:** Raether, Ronald I.
**Subject:** Scroggins v. LNRS, 22-cv-545 (EDVA)

Hi all,

We'll be representing LNRS in the Scroggins matter. I understand our responsive pleading is due September 7. Can we agree to a 30 day extension (until October 7)?

Thanks in advance,
Julie

**Julie Diane Hoffmeister**
**Associate**
Direct: 804.697.1448 | Internal: 15-1448
julie.hoffmeister@troutman.com

**troutman pepper**
1001 Haxall Point, Suite 1500
Richmond, VA 23219
troutman.com

Troutman Pepper is a 2021 Mansfield Certified Plus Firm

---

This e-mail (and any attachments) from a law firm may contain legally privileged and confidential information solely for the intended recipient. If you received this message in error, please notify the sender and delete it. Any unauthorized reading, distribution, copying, or other use of this e-mail (and attachments) is strictly prohibited. We have taken precautions to minimize the risk of transmitting computer viruses, but you should scan attachments for viruses and other malicious threats; we are not liable for any loss or damage caused by viruses.

# EXHIBIT B

---

**From:** Hoffmeister, Julie Diane <Julie.Hoffmeister@troutman.com>
**Sent:** Wednesday, November 2, 2022 5:57 PM
**To:** Drew Sarrett <drew@clalegal.com>
**Cc:** Raether, Ronald I. <Ron.Raether@troutman.com>; Leonard Bennett <lenbennett@clalegal.com>; Craig Marchiando <craig@clalegal.com>; cal <cal@clalegal.com>
**Subject:** RE: Scroggins v. LNRS, 22-cv-545 (EDVA)

Drew,

Our current responsive pleading deadline is not until November 11, and the deadline to conduct the Rule 26(f) conference is November 25. We are continuing to review and analyze the allegations in the putative class complaint, but suspect we will need some additional time to respond. So holding a Rule 26(f) conference next week is likely premature.

Can we touch base early next week about a possible extension on the current deadlines?

Thanks,

Julie

**Julie Diane Hoffmeister**
**Associate**
**troutman pepper**
Direct: 804.697.1448 | Internal: 15-1448
julie.hoffmeister@troutman.com

---

**From:** Drew Sarrett <drew@clalegal.com>
**Sent:** Wednesday, November 2, 2022 2:25 PM
**To:** Hoffmeister, Julie Diane <Julie.Hoffmeister@troutman.com>
**Cc:** Raether, Ronald I. <Ron.Raether@troutman.com>; Leonard Bennett <lenbennett@clalegal.com>; Craig Marchiando <craig@clalegal.com>; cal <cal@clalegal.com>
**Subject:** RE: Scroggins v. LNRS, 22-cv-545 (EDVA)

**EXTERNAL SENDER**

Hi Julie,

What is your availability next week for a Rule 26f conference?

Thanks,

Drew D. Sarrett

Consumer Litigation Associates, PC

Direct: 804-528-5758

---

**From:** Hoffmeister, Julie Diane <Julie.Hoffmeister@troutman.com>
**Sent:** Thursday, September 29, 2022 10:25 AM
**To:** Leonard Bennett <lenbennett@clalegal.com>; Drew Sarrett <drew@clalegal.com>; Craig Marchiando <craig@clalegal.com>
**Cc:** Raether, Ronald I. <Ron.Raether@troutman.com>
**Subject:** RE: Scroggins v. LNRS, 22-cv-545 (EDVA)

Hi all,

We're researching the allegations in the Scroggins matter. The Complaint alleges Plaintiff "applied for a loan through a credit union to finance home improvements" in May 2021. Would you be able to tell us the name of the credit union?

Thanks in advance,

Julie

**Julie Diane Hoffmeister**
**Associate**
**troutman pepper**
Direct: 804.697.1448 | Internal: 15-1448
julie.hoffmeister@troutman.com

**From:** Leonard Bennett <lenbennett@clalegal.com>
**Sent:** Wednesday, August 31, 2022 9:36 AM
**To:** Hoffmeister, Julie Diane <Julie.Hoffmeister@troutman.com>; Drew Sarrett <drew@clalegal.com>; Craig Marchiando <craig@clalegal.com>
**Cc:** Raether, Ronald I. <Ron.Raether@troutman.com>
**Subject:** Re: Scroggins v. LNRS, 22-cv-545 (EDVA)

**EXTERNAL SENDER**

Of course.

---

**From:** Hoffmeister, Julie Diane <Julie.Hoffmeister@troutman.com>
**Sent:** Wednesday, August 31, 2022 9:11:05 AM
**To:** Drew Sarrett; Craig Marchiando; Leonard Bennett
**Cc:** Raether, Ronald I.
**Subject:** Scroggins v. LNRS, 22-cv-545 (EDVA)

Hi all,

We'll be representing LNRS in the Scroggins matter. I understand our responsive pleading is due September 7. Can we agree to a 30 day extension (until October 7)?

Thanks in advance,

Julie

**Julie Diane Hoffmeister**
**Associate**
Direct: 804.697.1448 | Internal: 15-1448
julie.hoffmeister@troutman.com

troutman pepper
1001 Haxall Point, Suite 1500
Richmond, VA 23219
troutman.com

Troutman Pepper is a 2021 Mansfield Certified Plus Firm

---

This e-mail (and any attachments) from a law firm may contain legally privileged and confidential information solely for the intended recipient. If you received this message in error, please notify the sender and delete it. Any unauthorized reading, distribution, copying, or other use of this e-mail (and attachments) is strictly prohibited. We have taken precautions to minimize the risk of transmitting computer viruses, but you should scan attachments for

viruses and other malicious threats; we are not liable for any loss or damage caused by viruses.

**From:** Leonard Bennett
**Sent:** Tuesday, February 7, 2023 10:36 PM
**To:** Raether, Ronald I.
**Cc:** Drew Sarrett; Anthony, David N.; Hoffmeister, Julie Diane; Hanson, Cindy D.
**Subject:** Re: 3:22cv545 Scroggins v. LexisNexis Risk Solutions Inc.

I have no idea why this matters. Are you contending that LNR is not a CRA?

Len Bennett

Sent from my iPhone

> On Feb 7, 2023, at 10:13 PM, Raether, Ronald I. <Ron.Raether@troutman.com> wrote:
>
> Len,
>
> In advance of our Rule 26(f) call tomorrow in Scroggins, we wanted to share the attached two documents, which include:
>
> 1. Declaration: As noted in my email below, we reached out to Call Federal to discuss their interactions with Plaintiff and use of the Instant ID Q&A product. Call Federal confirmed they used Instant ID Q&A for purposes of authenticating Plaintiff's identity. They further confirmed that Plaintiff was not applying for a loan in connection with the May 2021 or March 2022 interactions as alleged in the amended complaint. Call Federal executed the attached declaration verifying these facts.
>
> 2. Draft Scheduling Order: We want to be prepared to present to Judge Lauck at the pretrial conference a proposed scheduling order that includes separate deadlines for class experts and class briefing. Attached is our proposed schedule.

Look forward to talking to you tomorrow.

Ron

**Ronald I. Raether, Jr., CIPP/US**
**Partner**
**troutman pepper**
Direct: 949.622.2722 | Internal: 18-2722
ron.raether@troutman.com

---

**From:** Raether, Ronald I. <Ron.Raether@troutman.com>
**Sent:** Friday, December 9, 2022 11:54 AM
**To:** 'Leonard Bennett' <lenbennett@clalegal.com>; Drew Sarrett <drew@clalegal.com>
**Cc:** Anthony, David N. <David.Anthony@troutman.com>; Hoffmeister, Julie Diane <Julie.Hoffmeister@troutman.com>
**Subject:** RE: 3:22cv545 Scroggins v. LexisNexis Risk Solutions Inc.

Len,

Circling back on your email below, I am attaching the contract with Call Federal Credit Union for access to the Instant ID Q&A product at issue as well as Call Federal's system configuration form. I will send the password in a separate email. As you'll see from the contract, LNRS FL (not LNRS) is the contracting party for this product. I will not go into the *Kidd* language included in the attached as you already know our position. As we agreed, the documents will be treated as confidential. Let me know who should prepare a SPO.

We reached out to Call Federal to get consent to produce the contract. Call Federal confirmed they used the Instant ID Q&A product to authenticate Scroggins' identity (i.e., confirm she was who she said she was) when she called in because she was having issues logging into her online banking account. In other words, they use the product as an identity authentication tool. Call Federal has no record of sending Plaintiff any adverse action letter denying her a loan or

otherwise. As we discussed, I would appreciate getting any information that contradicts the above or confirmation that we are in agreement as to the facts.

I am available to further discuss as needed.

Hope you are well and have a good weekend.

Ron

**Ronald I. Raether, Jr., CIPP/US**
**Partner**
**troutman pepper**
Direct: 949.622.2722 | Internal: 18-2722
ron.raether@troutman.com

---

**From:** Leonard Bennett <lenbennett@clalegal.com>
**Sent:** Tuesday, November 15, 2022 10:15 AM
**To:** Raether, Ronald I. <Ron.Raether@troutman.com>; Drew Sarrett <drew@clalegal.com>
**Subject:** Re: 3:22cv545 Scroggins v. LexisNexis Risk Solutions Inc.

**EXTERNAL SENDER**
Ron -

InstantID Q&A is an admitted FCRA product - it is advertised as a tool for lenders to do identity verification and fraud detection for applications and onboarding.

https://link.edgepilot.com/s/9548d3c5/Yx0wP0R7NU6F5qck96WhdA?u=https://risk.lexisnexis.com/products/instantid-q-and-a

As you suggested, it was Call Federal CU.

The LN Q&A is set up as a gate that must be crossed to even apply. THAT is FCRA

purposed.

I would also be shocked if LN was not involved in creating and assisting with the software process itself.

We would appreciate receiving the contract and other documents LN provided to and received from Call regarding setup and use of the InstantID Q&A. We will agree to maintain it under our standard PO until that is formally entered.

Len

---

**From:** Leonard Bennett
**Sent:** Monday, November 14, 2022 7:40:00 PM
**To:** Raether, Ronald I.; Drew Sarrett
**Subject:** Re: 3:22cv545 Scroggins v. LexisNexis Risk Solutions Inc.

Every one of your client's customers says they will only use the products for reasons other than FCRA governed. Every financial institution ONLY uses the products for a FCRA purpose. What do you propose to exchange?

---

**From:** Raether, Ronald I. <Ron.Raether@troutman.com>
**Sent:** Monday, November 14, 2022 7:12:04 PM
**To:** Leonard Bennett
**Subject:** RE: 3:22cv545 Scroggins v. LexisNexis Risk Solutions Inc.

Len,

I wanted to follow-up on *Scroggins* and Plaintiff's allegations concerning the "credit union" and alleged application for a loan "to finance home improvements." I am hoping we can engage in some informal discovery and exchange of information.

We took a look at the allegations in the complaint. Our best estimate is that the "credit union" referenced in Plaintiff's Complaint is Call Federal Credit Union. Is that right?

Our understanding is that CFCU used LN to verify the identity of callers to its help desk (not in any way related to loans or applications for credit). In its contract,

CFCU agreed the services provided by LN are non-FCRA services and are not "consumer reports" within the meaning of the FCRA, and agreed not to use such reports in any manner that would cause them to characterized as "consumer reports."

Does Plaintiff have an adverse action letter from CFCU? Do have a date of the loan or credit application at issue?

Happy to get on a call and discuss.

Ron

**Ronald I. Raether, Jr., CIPP/US**
**Partner**
**troutman pepper**
Direct: 949.622.2722 | Internal: 18-2722
ron.raether@troutman.com

---

**From:** Leonard Bennett <lenbennett@clalegal.com>
**Sent:** Wednesday, November 9, 2022 5:30 PM
**To:** Raether, Ronald I. <Ron.Raether@troutman.com>
**Subject:** Re: 3:22cv545 Scroggins v. LexisNewis Risk Solutions Inc.

**EXTERNAL SENDER**
Consented.
Len Bennett

Sent from my iPhone

> On Nov 9, 2022, at 5:42 PM, Raether, Ronald I. <Ron.Raether@troutman.com> wrote:
>
> Len,
>
> Let me know if you will not oppose our request for a 30 day extension. See attached. Also, let me know when you want to discuss this case. Tomorrow is bad for me. I have some time Friday and things look a little better next week.
>
> **Ronald I. Raether, Jr., CIPP/US**
> **Partner**
> **troutman pepper**
> Direct: 949.622.2722 | Internal: 18-2722
> ron.raether@troutman.com

---

**From:** Raether, Ronald I.
**Sent:** Tuesday, November 8, 2022 8:28 AM
**To:** 'Leonard Bennett' <lenbennett@clalegal.com>
**Subject:** FW: 3:22cv545 Scroggins v. LexisNewis Risk Solutions Inc.

Len,

Let me know when you have time to discuss. I would appreciate a 30 day extension on the response deadline. We can also discuss what information the parties can exchange now to move things along. Hope all is well.

**Ronald I. Raether, Jr., CIPP/US**
**Partner**
**troutman pepper**
Direct: 949.622.2722 | Internal: 18-2722
ron.raether@troutman.com

---

**From:** Hoffmeister, Julie Diane <Julie.Hoffmeister@troutman.com>
**Sent:** Tuesday, November 8, 2022 8:25 AM
**To:** Jessica Powell <Jessica_Powell@vaed.uscourts.gov>; drew@clalegal.com; kevin@clalegal.com; craig@clalegal.com; lenbennett@clalegal.com; Raether, Ronald I. <Ron.Raether@troutman.com>; Anthony, David N. <David.Anthony@troutman.com>
**Subject:** RE: 3:22cv545 Scroggins v. LexisNewis Risk Solutions Inc.

Ms. Powell,

Defendant agrees with rescheduling the pretrial conference in light of the amended complaint. In fact, we were planning to reach out to Plaintiff's counsel to discuss that issue along with our request to extend our responsive pleading deadline.

We appreciate you reaching out.

Thanks,
Julie

**Julie Diane Hoffmeister**
**Associate**
**troutman pepper**
Direct: 804.697.1448 | Internal: 15-1448
julie.hoffmeister@troutman.com

---

**From:** Jessica Powell <Jessica_Powell@vaed.uscourts.gov>
**Sent:** Tuesday, November 8, 2022 11:11 AM
**To:** drew@clalegal.com; kevin@clalegal.com; craig@clalegal.com; lenbennett@clalegal.com; Hoffmeister, Julie Diane <Julie.Hoffmeister@troutman.com>
**Subject:** 3:22cv545 Scroggins v. LexisNewis Risk Solutions Inc.

**EXTERNAL SENDER**
Good morning all:

Since an Amended Complaint (ECF No. 11) was filed in the above-referenced matter, the Court is presuming the Initial Pretrial Conference scheduled for 12/7 at 11:30 a.m. is not needed and can be rescheduled for a later time. Is this correct?

Thank you,

Jessica R. Powell
Courtroom Deputy to the
Honorable M. Hannah Lauck
United States District Court
Eastern District of Virginia
Richmond Division
Direct: (804) 916-2234

---

This e-mail (and any attachments) from a law firm may contain legally privileged and confidential information solely for the intended recipient. If you received this message in error, please notify the sender and delete it. Any unauthorized reading, distribution, copying, or other use of this e-mail (and attachments) is strictly prohibited. We have taken precautions to minimize the risk of transmitting computer viruses, but you should scan attachments for viruses and other malicious threats; we are not liable for any loss or damage caused by viruses.

<LN_SCROGGINS000025-28.pdf>

<LN_SCROGGINS000025-28.pdf>
<Scroggins - Proposed Scheduling Order.DOCX>

---

**From:** Leonard Bennett
**Sent:** Thursday, May 18, 2023 10:00 AM
**To:** Drew Sarrett; Hoffmeister, Julie Diane
**Cc:** Raether, Ronald I.; Hanson, Cindy D.; Anthony, David N.
**Subject:** Re: Scroggins v. LNRS FL - LNRS FL's Counteroffer

Julie -

We are awaiting your filing of the motion for a protective order regarding the identification of TransUnion and Experian as sources. I would have thought you would have already filed that motion, so we can oppose. Once resolved, we can move through the formalities of filing the Amended Complaint, of which you already have full notice.

As for your position below - no, it is not different. Our cases was from the start and at every stage a case based on the exact positions stated in the complaint: Defendant is a CRA and it fails to comply with the FCRA as a CRA must. Your team has created a red herring and tried to describe our complaint as dependent upon Call FCU and the use for this specific report. We have repeatedly told you that defense view mischaracterizes this case and the issues presented. I am disappointed that your team continues to ignore our year+ explanations to the contrary.

We discussed that with Ron when the case was first filed and again on multiple occasions since. We discussed it with you and Cindy in our multiple meet and confer efforts. It was in our settlement demand. It is in our discovery responses.

Given all of those discussions, your email below seems disingenuous. I am disappointed that your team continues to ignore our year+ explanations to the contrary.

Len

---

**From:** Drew Sarrett
**Sent:** Thursday, May 18, 2023 9:30:35 AM
**To:** Hoffmeister, Julie Diane; Leonard Bennett

**Cc:** Raether, Ronald I.; Hanson, Cindy D.; Anthony, David N.
**Subject:** Re: Scroggins v. LNRS FL - LNRS FL's Counteroffer

Are you standing on the request that we redact and move to seal the portions of the complaint you previously identified?

Drew Sarrett

Consumer Litigation Associates, PC

Direct: 804-528-5758

---

**From:** "Hoffmeister, Julie Diane" <Julie.Hoffmeister@troutman.com>
**Date:** Thursday, May 18, 2023 at 9:24 AM
**To:** Drew Sarrett <drew@clalegal.com>, Leonard Bennett <lenbennett@clalegal.com>
**Cc:** "Raether, Ronald I." <Ron.Raether@troutman.com>, "Hanson, Cindy D." <Cindy.Hanson@troutman.com>, "Anthony, David N." <David.Anthony@troutman.com>
**Subject:** RE: Scroggins v. LNRS FL - LNRS FL's Counteroffer

Drew,

Under Rule 15(a)(2), Plaintiff needs either defendant's consent or the court's leave to file the proposed second amended complaint. As we told Judge Colombell, we could not opine on whether we would oppose the motion for leave until we saw the proposed second amended complaint.

The proposed second amended complaint presents an entirely new set of facts unrelated to the basis for bringing the complaint originally and completely different theories as to why you think the product used by Call Federal meets the FCRA's definition of consumer report. *See, e.g., Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 604 (4th Cir. 2010) ("We find compelling the court's analysis that the amendment—coming so belatedly—would change the nature of the litigation and, would therefore, prejudice [Defendant]."); *Deasy v. Hill*, 833 F.2d 38, 42 (4th Cir. 1987) ("Belated claims which change the character of litigation are not favored."); *Gifford v. Pro Line Prods., Inc.*, No. 3:17-cv-00346, 2018 WL 4328262, at *2 (W.D.N.C. June 15, 2018) (denying motion for leave to amend based on prejudice to defendants where the "gravamen" of the plaintiffs' claims "were known to Plaintiffs and should have been known to their counsel before filing of the Complaint").

Can you please confirm when you intend to file the motion for leave to file the proposed second amended complaint?

Thanks,

Julie

**Julie Diane Hoffmeister**
**Partner**
**troutman pepper**
Direct: 804.697.1448 | Internal: 15-1448
julie.hoffmeister@troutman.com

---

**From:** Drew Sarrett <drew@clalegal.com>
**Sent:** Friday, May 12, 2023 5:00 PM
**To:** Hoffmeister, Julie Diane <Julie.Hoffmeister@troutman.com>; Leonard Bennett <lenbennett@clalegal.com>
**Cc:** Raether, Ronald I. <Ron.Raether@troutman.com>; Hanson, Cindy D. <Cindy.Hanson@troutman.com>; Anthony, David N. <David.Anthony@troutman.com>
**Subject:** RE: Scroggins v. LNRS FL - LNRS FL's Counteroffer

CAUTION: This message came from outside the firm. DO NOT click links or open attachments unless you recognize this sender (look at the actual email address) and confirm the content is safe.

On what basis will you oppose the motion to amend and why did you insist on seeing the draft before its filing?

Drew D. Sarrett

Consumer Litigation Associates, PC

Direct: 804-528-5758

---

**From:** Hoffmeister, Julie Diane <Julie.Hoffmeister@troutman.com>
**Sent:** Friday, May 12, 2023 4:19 PM
**To:** Leonard Bennett <lenbennett@clalegal.com>; Drew Sarrett <drew@clalegal.com>
**Cc:** Raether, Ronald I. <Ron.Raether@troutman.com>; Hanson, Cindy D. <Cindy.Hanson@troutman.com>; Anthony, David N. <David.Anthony@troutman.com>
**Subject:** RE: Scroggins v. LNRS FL - LNRS FL's Counteroffer

Len and Drew,

We wanted to confirm that you intend to redact/seal the confidential references to TransUnion and Experian in the proposed second amended complaint before filing your motion for leave. Once you file the motion for leave, we will file the supporting memorandum as required by Local Rule 5. In the attached version of the proposed second amended complaint, we have highlighted our proposed redactions.

Please let us know if we need to discuss.

Thanks,

Julie

**Julie Diane Hoffmeister**
**Partner**
**troutman pepper**
Direct: 804.697.1448 | Internal: 15-1448
julie.hoffmeister@troutman.com

---

**From:** Hoffmeister, Julie Diane
**Sent:** Friday, May 12, 2023 4:13 PM
**To:** 'Sean Tenaglia' <Sean_Tenaglia@vaed.uscourts.gov>; Leonard Bennett <lenbennett@clalegal.com>
**Cc:** Raether, Ronald I. <Ron.Raether@troutman.com>; Autumn Dickerson <Autumn_Dickerson@vaed.uscourts.gov>; Drew Sarrett <drew@clalegal.com>; Hanson, Cindy D. <Cindy.Hanson@troutman.com>; Anthony, David N. <David.Anthony@troutman.com>; Jessica Saunders <Jessica_Saunders@vaed.uscourts.gov>
**Subject:** RE: Scroggins v. LNRS FL - LNRS FL's Counteroffer

Sean,

Following-up on our status conference on Tuesday, we would appreciate you passing along the below message to Judge Colombell.

After reviewing Plaintiff's proposed second amended complaint, we intend to oppose Plaintiff's anticipated motion for leave. Defendant believes August would be the most productive timeframe for a second settlement conference. We are happy to discuss this matter further with Judge Colombell if he thinks those conversations would be

productive.

Thanks,

Julie

**Julie Diane Hoffmeister**
**Partner**
**troutman pepper**
Direct: 804.697.1448 | Internal: 15-1448
julie.hoffmeister@troutman.com

---

**From:** Sean Tenaglia <Sean_Tenaglia@vaed.uscourts.gov>
**Sent:** Thursday, May 4, 2023 9:02 AM
**To:** Hoffmeister, Julie Diane <Julie.Hoffmeister@troutman.com>; Leonard Bennett <lenbennett@clalegal.com>
**Cc:** Raether, Ronald I. <Ron.Raether@troutman.com>; Autumn Dickerson <Autumn_Dickerson@vaed.uscourts.gov>; Drew Sarrett <drew@clalegal.com>; Hanson, Cindy D. <Cindy.Hanson@troutman.com>; Anthony, David N. <David.Anthony@troutman.com>; Jessica Saunders <Jessica_Saunders@vaed.uscourts.gov>
**Subject:** RE: Scroggins v. LNRS FL - LNRS FL's Counteroffer

CAUTION: This message came from outside the firm. DO NOT click links or open attachments unless you recognize this sender (look at the actual email address) and confirm the content is safe.

Great, thank you everyone. Please use the call-in information below for the 10:00 AM call on Tuesday 5/9.

**AT&T Audio Conference Information**:

USA Toll-Free Number: (888) 808-6929

USA Caller Paid/International Toll: (213) 787-0529

Access Code: 1147583

Thanks,

Sean